ROBINSON & COLE LLP
Matthew P. Mazzola (N.J. Bar No. 253252017)
666 Third Avenue
New York, New York 10017
Tel: (212) 451-2900
Fax: (212) 451-2999
Email: mmazzola@rc.com
*Attorneys for Defendant*
*UnitedHealthcare Insurance Company*
*s/h/a United Healthcare Insurance Company*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE PLASTIC SURGERY CENTER, P.A.,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, XYZ CORPS. 1-10,<br><br>*Defendants.* | Case No.: 3:24-cv-08580-MAS-TJB<br><br>**ANSWER** |

Defendant UnitedHealthcare Insurance Company ("United") responds to the Complaint of Plaintiff, The Plastic Surgery Center, P.A. ("TPSC"), as follows:

**THE PARTIES**

1.  United lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "1" of the Complaint and therefore denies the same and respectfully refers all questions of law to the Honorable Court.

2.  United denies each and every allegation in paragraph "2" of the Complaint as alleged and respects and respectfully refers to the governing Certificate of Coverage for the Humanware USA Inc. Health Benefit Plan (the "Plan") for the terms, conditions, limitations, exclusions, and other provisions included therein, except admits that United is a health insurance company authorized to

1

conduct business in the State of New Jersey with offices located at 185 Asylum Street, Hartford, CT 06103.

3. United lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "3" of the Complaint and therefore denies the same.

## FACTUAL ALLEGATIONS

4. United lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "4" of the Complaint and therefore denies the same.

5. United denies each and every allegation in paragraph "5" of the Complaint as alleged, except admits that Plaintiff was not a provider in United's network of treating providers on the date of service at issue in the Complaint.

6. United lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "6" of the Complaint and therefore denies the same.

7. United lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "7" of the Complaint and therefore denies the same.

8. United lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "8" of the Complaint and therefore denies the same.

9. United denies each and every allegation in paragraph "9" of the Complaint as alleged.

10. United lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "10" of the Complaint and therefore denies the same.

11. United lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "11" of the Complaint and therefore denies the same.

12. United denies each and every allegation in paragraph "12" of the Complaint as alleged and respectfully refers to the Plan for the terms, conditions, limitations, exclusions, and other provisions included therein.

13. United denies each and every allegation in paragraph "13" of the Complaint as alleged and respectfully refers to the Plan for the terms, conditions, limitations, exclusions, and other provisions included therein.

14. United denies each and every allegation in paragraph "14" of the Complaint and respectfully refers to the administrative record pertaining to Plaintiff's claim (regarding the services rendered to K.M.) kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

15. United denies each and every allegation in paragraph "15" of the Complaint and respectfully refers to the administrative record pertaining to Plaintiff's claim (regarding the services rendered to K.M.) kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

16. United denies each and every allegation in paragraph "16" of the Complaint and respectfully refers to the administrative record pertaining to Plaintiff's claim (regarding the services rendered to K.M.) kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

17. United denies each and every allegation in paragraph "17" of the Complaint.

18. United denies each and every allegation in paragraph "18" of the Complaint.

19. United denies each and every allegation in paragraph "19" of the Complaint.

20. United denies each and every allegation in paragraph "20" of the Complaint and respectfully refers all questions of law to the Honorable Court.

21. United denies each and every allegation in paragraph "21" of the Complaint.

22. United denies each and every allegation in paragraph "22" of the Complaint and respectfully refers to the administrative record pertaining to Plaintiff's claim (regarding the services

rendered to K.M.) kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

23. United denies each and every allegation in paragraph "23" of the Complaint and respectfully refers all questions of law to the Honorable Court.

24. United denies each and every allegation in paragraph "24" of the Complaint.

25. United lacks knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph "25" of the Complaint and therefore denies the same.

26. United denies each and every allegation in paragraph "26" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim (regarding the services rendered to K.M.) kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

27. United denies each and every allegation in paragraph "27" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim (regarding the services rendered to K.M.) kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

28. United denies each and every allegation in paragraph "28" of the Complaint.

## COUNT ONE
### (Breach of Contract)

29. In response to paragraph "29" of the Plaintiff's Complaint, Defendant repeats, reiterates, and realleges each and every response to the allegations contained in paragraphs "1" through "28" inclusive, with the same force and effect as if more fully set forth at length herein.

30. United denies each and every allegation in paragraph "30" of the Complaint.

31. United denies each and every allegation in paragraph "31" of the Complaint.

32. United denies each and every allegation in paragraph "32" of the Complaint and respectfully refers all questions of law to the Honorable Court.

33. United denies each and every allegation in paragraph "33" of the Complaint.

## COUNT TWO
**(Promissory Estoppel)**

34. In response to paragraph "34" of the Plaintiff's Complaint, Defendant repeats, reiterates, and realleges each and every response to the allegations contained in paragraphs "1" through "33" inclusive, with the same force and effect as if more fully set forth at length herein.

35. United denies each and every allegation in paragraph "35" of the Complaint.

36. United denies each and every allegation in paragraph "36" of the Complaint.

37. United denies each and every allegation in paragraph "37" of the Complaint and respectfully refers all questions of law to the Honorable Court.

38. United denies each and every allegation in paragraph "38" of the Complaint.

39. United denies each and every allegation in paragraph "39" of the Complaint and respectfully refers all questions of law to the Honorable Court.

40. United denies each and every allegation in paragraph "40" of the Complaint and respectfully refers all questions of law to the Honorable Court.

41. United denies each and every allegation in paragraph "41" of the Complaint.

## COUNT THREE
**(Negligent Misrepresentation)**

42. In response to paragraph "42" of the Plaintiff's Complaint, Defendant repeats, reiterates, and realleges each and every response to the allegations contained in paragraphs "1" through "41" inclusive, with the same force and effect as if more fully set forth at length herein.

43. United denies each and every allegation in paragraph "43" of the Complaint.

44. United denies each and every allegation in paragraph "44" of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claim (regarding the

services rendered to K.M.) kept and maintained by United in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

45. United denies each and every allegation in paragraph "45" of the Complaint.

46. United denies each and every allegation in paragraph "46" of the Complaint and respectfully refers all questions of law to the Honorable Court.

47. United denies each and every allegation in paragraph "47" of the Complaint

48. United denies each and every allegation in paragraph "48" of the Complaint and respectfully refers all questions of law to the Honorable Court.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against United upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they lack standing to assert them and/or do not have a right of action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the terms, conditions, and exclusions of the Plan.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited, in whole or in part, and/or expressly preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA").

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent it employs out-of-network providers and do not have a contract with United for the payment of services described in the Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent it is an out-of-network provider that does not have a contract with United for the payment of services described in the Complaint.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the applicable contractual limitations period and/or Plan limitation of action period has/have elapsed.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands, acquiescence, and/or consent.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has released, settled, entered into an accord and satisfaction, or otherwise compromised its claims.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent the healthcare services or supplies it billed for are excessive and unwarranted, not reasonable or appropriate, not medically necessary, and/or are mutually exclusive to another procedure performed on the same date of service for the patients whose claims are at issue in this action.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to exhaust any administrative remedies and/or contractual appeals process required by the Plan.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent it failed to satisfy any

prerequisites, conditions, or obligations required under the Plan.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited by Plaintiff's failure to mitigate its damages.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent no benefits are due and owing to Plaintiff under the terms of the Plan.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that United acted reasonably and in good faith at all times.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for promissory estoppel is barred because United did not make any clear and definite promise to Plaintiff regarding the services provided to the Patient.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for negligent misrepresentation is barred because United did not assert any false representations to Plaintiff.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff claims monetary damages plus interest pursuant to N.J.A.C. 11:22-1.1 *et seq.*, or any extra-contractual and/or punitive damages, such relief is not permitted under New Jersey state law.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

The telephone calls alleged in paragraph 16 to 18 of the Complaint did not create a contractual agreement or promise between the parties because nothing was promised or agreed-to during the telephone conversation.

**AS AND FOR TWENTY-FIRST AFFIRMATIVE DEFENSE**

The benefits that Plaintiff received for the covered services at issue were properly paid pursuant to the unambiguous terms of its patient's governing Plan, which is governed by ERISA and no further benefits are payable for such claims.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

United acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, Plaintiff is barred from recovery for its claims in this action and the purported claims asserted therein.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff has not properly pled a claim for attorneys' fees under New Jersey State law or ERISA.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

United, as claim fiduciary for the Plan, is granted complete authority to review all claims for benefits under the plans and discretionary authority to determine: whether and to what extent participants are entitled to benefits; and to construe the terms of the Plan; and United is deemed to have properly exercised this authority unless it abused its discretion by acting arbitrarily and capriciously. United's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb their determination concerning Plaintiff's claim.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

All actions about which Plaintiff complains were either required or permitted by applicable law.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

The Court's review of Plaintiff's claim against Defendant is limited to the correspondence, notes, and documents contained in the administrative record for the claim at issue kept and maintained by United in the regular course of its business.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

To the extent necessary, Defendant denies all allegations appearing as topic headings, subheadings, in the footnotes, and/or in all Wherefore clauses of Plaintiff's Complaint.

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff failed to collect deductible and co-insurance amounts from the Patient and/or waived those amounts, which renders all of Plaintiff's claims subject to dismissal.

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by any applicable statute of limitation for each cause of action and/or any state law limiting the timeframe for challenges to health care claim denials.

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable Defendant to determine whether they may have additional defenses in this action. Therefore, Defendant reserves its right to assert such additional defenses if they later become apparent.

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's jury demand is entirely improper in this matter governed by ERISA.

**WHEREFORE,** Defendant prays:

1. That the action be dismissed, or that judgment be entered in favor of the Defendant and against Plaintiff;

2. That Defendant be awarded costs of suit incurred herein;

3. That Defendant be awarded reasonable attorney's fees; and

4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

Dated: October 16, 2024

        Respectfully submitted,

        */s/ Matthew P. Mazzola*
        Matthew P. Mazzola
        (NJ Bar ID No.: 253252017)
        ROBINSON & COLE LLP
        666 Third Avenue, 20th Floor
        New York, New York 10017
        Tel: (212) 451-2900
        Fax: (212) 451-2999
        Email: mmazzola@rc.com

        *Attorneys for Defendant*
        *UnitedHealthcare Insurance Company*